# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

No. 02-4082

CHARLES E. REDMAN,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-01-14)

Submitted: May 21, 2002

Decided: June 12, 2002

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kirk H. Bottner, LAW OFFICE OF JOHN W. ASKINTOWICZ, III, Charles Town, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted Appellant Charles E. Redman of one count of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal, Redman argues that the district court plainly erred by: (1) giving the jury a written, as opposed to an oral, *Allen** charge; (2) providing the jury with the *Allen* charge before the jury had adequate time to deliberate; and (3) providing the jury with the *Allen* charge before determining whether the jury was deadlocked. Finding no reversible error, we affirm.

Because Redman did not object to the district court's decision to give the jury a written, modified *Allen* charge in response to a jury question stating it was having a "problem" with the verdict, our review is for plain error. Under the plain error standard, Redman must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If these three elements are met, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Redman bears the burden with respect to demonstrating that his substantial rights have been prejudiced as a result of the alleged errors. *United States v. Bollin*, 264 F.3d 391, 420 n.20 (4th Cir.), *cert. denied*, 122 S. Ct. 303 (2001), *and* 122 S. Ct. 1544 (2002).

We find no plain error with any of the issues raised by Redman with regard to the written, modified *Allen* charge. Accordingly, we affirm Redman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*\*Allen v. United States*, 164 U.S. 492 (1896).